## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ROCHDALE SECURITIES, LLC | ) | CASE NO. 14-51485 (AST) |
| | ) | |
| Debtor and Debtor-in-Possession. | ) | |
| | ) | |
| | ) | |

## DEBTOR'S FIRST MODIFIED PLAN OF REORGANIZATION
## UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

ZEISLER & ZEISLER, P.C.
Stephen M. Kindseth, Esq.
Aaron A. Romney, Esq.
10 Middle Street 15th Floor
Bridgeport, CT 06602
Telephone: (203) 368-4234
skindseth@zeislaw.com
aromney@zeislaw.com

Attorneys for Debtor and
Debtor-in-Possession

# ARTICLE I
## DEFINITIONS AND INTERPRETATION

**A.**         **Definitions.**

The following terms used herein shall have the respective meanings defined below:

**1.1**     *Administrative Expense*  means any right to payment constituting a cost or expense of administration of the Reorganization Case that is Allowed under Sections 503(b), 507(a)(2), and 507(b) of the Bankruptcy Code, including, without limitation, (a) any actual and necessary costs and expenses of preserving the Debtor's Estate, (b) any actual and necessary costs and expenses of operating the Debtor's business, (c) any indebtedness or obligations incurred or assumed by the Debtor in Possession during the Reorganization Case, and (d) any compensation for professional services rendered and reimbursement of expenses incurred, to the extent Allowed by Final Order under Section 330 or 503 of the Bankruptcy Code.

**1.2**     *Affiliate* has the meaning set forth in Section 101(2) of the Bankruptcy Code.

**1.3**     *Allowed*  means (i) with reference to any Claim, (a) any Claim against any Debtor, which has been listed by such Debtor in its Schedules (as such Schedules may be amended by the Debtor from time to time in accordance with Bankruptcy Rule 1007) as liquidated in amount and not disputed or contingent and for which no contrary proof of Claim has been filed, (b) any Claim as to which the liability of a Debtor and the amount thereof are determined by a Final Order, or (c) any Claim against any Debtor allowed pursuant to the Plan, and (ii) with reference to any Claim or Administrative Expense, (a) any Claim or Administrative Expense that is the subject of a timely filed proof of Claim, request for payment of an Administrative Expense, or an application for compensation and/or reimbursement of expenses, as to which no objection to allowance or estimation has been interposed on or before the applicable period of limitation fixed by Section 7.1 of the Plan or otherwise ordered by the Bankruptcy Court, or as to which any objection or request for estimation has been determined by a Final Order to the extent such objection or estimation is determined in favor of the respective holder, (b) any Claim or Administrative Expense expressly allowed under the Plan, or (c) any Claim or Administrative Expense allowed under Section 502, 503, or 1111 of the Bankruptcy Code.  Unless otherwise specified in the Plan or ordered by the Bankruptcy Court, "Allowed Claim" or "Allowed Administrative Expense" shall not include interest on such Claim or Administrative Expense from and after the Petition Date.

**1.4**     *Award Payment* means the net arbitration award proceeds paid to the Debtor by Pershing on March 24, 2016.

**1.5**     *Bankruptcy Code* means title 11, United States Code, as amended from time to time, as applicable to the Reorganization Case.

**1.6**   ***Bankruptcy Court*** means the United States Bankruptcy Court for the District of Connecticut, Bridgeport Division, or any other court of the United States having jurisdiction over the Reorganization Case.

**1.7**   ***Bankruptcy Rules*** means the Federal Rules of Bankruptcy Procedure as promulgated by the United States Supreme Court under Section 2075, title 28, United States Code, as amended from time to time, as applicable to the Reorganization Case, and any Local Rules of the Bankruptcy Court.

**1.8**   ***Business Day*** means any day other than a Saturday, a Sunday, or any other day on which banking institutions in Connecticut are required or authorized to close by law or executive order.

**1.9**   ***Cash*** means legal tender of the United States of America.

**1.10**   ***Claim*** has the meaning set forth in Section 101(5) of the Bankruptcy Code.

**1.11**   ***Confirmation Date*** means the date on which the Clerk of the Bankruptcy Court enters the Confirmation Order on its docket.

**1.12**   ***Confirmation Hearing*** means the hearing conducted by the Bankruptcy Court pursuant to Section 1128(a) of the Bankruptcy Code to consider confirmation of the Plan, as such hearing may be adjourned or continued from time to time.

**1.13**   ***Confirmation Order*** means the order or orders of the Bankruptcy Court confirming the Plan.

**1.14**   ***Crowley*** means Daniel Crowley.

**1.15**   ***Cure*** means the payment of Cash by the Debtor, or the distribution of other property (as the parties may agree or the Bankruptcy Court may order), as necessary to (i) cure a default by the Debtor under an executory contract or unexpired lease of the Debtor and (ii) permit the Debtor to assume such executory contract or unexpired lease under Section 365 of the Bankruptcy Code.

**1.16**   ***Debtor*** means Rochdale Securities, LLC.

**1.17**   ***Debtor in Possession*** means the Debtor in its capacity as debtor in possession in the Reorganization Case under Sections 1107(a) and 1108 of the Bankruptcy Code.

**1.18**   ***Disclosure Statement*** means that certain disclosure statement relating to the Plan, including, without limitation, all exhibits and schedules thereto, as the same may be amended, supplemented or otherwise modified from time to time, as approved by the Bankruptcy Court pursuant to Section 1125 of the Bankruptcy Code.

**1.19**   ***Disputed*** means, with reference to any Claim or Administrative Expense, any such Claim or Administrative Expense (a) to the extent neither Allowed nor

disallowed under the Plan or a Final Order nor deemed Allowed under Section 502, 503, or 1111 of the Bankruptcy Code, or (b) which has been or hereafter is listed by a Debtor on its Schedules as unliquidated, disputed, or contingent, and which has not been resolved by written agreement of the parties or a Final Order, or (c) as to which the Debtor or any other party in interest has interposed a timely objection and/or request for estimation in accordance with the Bankruptcy Code and the Bankruptcy Rules, which objection or request for estimation has not been withdrawn or determined by a Final Order, or (d) which arises in connection with an executory contract which, as of the Confirmation Date, has not yet been assumed by the Debtor, and therefore such contract is deemed rejected pursuant to Section 8.1 of the Plan.

**1.20**   *Effective Date* means a Business Day selected by the Debtor, on or after the Confirmation Date, on which (a) no stay of the Confirmation Order is in effect and (b) the conditions precedent to the effectiveness of the Plan specified in Section 9.2 of the Plan shall have been satisfied or waived as provided in Section 9.3.

**1.21**   *Equity Interest* means the interest in any equity security, partnership interest or limited partnership interest, in or of any of the Debtor represented by any issued and outstanding shares of common or preferred stock or other instrument evidencing a present ownership interest in the Debtor, whether or not transferable, including (a) any option, warrant, call, subscription, or other right, contractual or otherwise, to acquire any such interest and any redemption, conversion, exchange, voting participation, dividend rights, and liquidation preferences relating to any such equity security, and (b) all rights, interests, and Claims (including Claims for fraud, misrepresentation, rescission, reimbursement, contribution, or damages) arising under or in connection with (i) all agreements, including stockholder agreements and management agreements, entered into by the Debtor in connection with the issuance of such security or (ii) the purchase or sale of such security.

**1.22**   *Estate* means the estate of the Debtor as created under Section 541 of the Bankruptcy Code.

**1.23**   *Face Amount* means either (i) the full stated amount claimed by the holder of such Claim in any proof of Claim filed by the bar date established by the Bankruptcy Court or otherwise deemed timely filed under applicable law, if the proof of Claim specifies only a liquidated amount; or (ii) the amount of the Claim (a) acknowledged by the applicable Debtor or Reorganized Debtor in any objection to such Claim or in the Schedules as an undisputed, noncontingent and liquidated Claim, (b) estimated by the Bankruptcy Court pursuant to Section 502(c) of the Bankruptcy Code, or (c) proposed by the Debtor or established by the Reorganized Debtor following the Effective Date, if no proof of Claim has been filed by the bar date or has otherwise been deemed timely filed under applicable law or if the proof of Claim specifies an unliquidated amount.

1.24   ***Federal Judgment Rate*** means the rate equal to the weekly average one-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System for the calendar week preceding the Effective Date and identified at http://www.federalreserve.gov/releases/h15/current/.

1.25   ***Final Order*** means an order or judgment of a court of competent jurisdiction, which has been entered on the docket maintained by the clerk of such court, and which has not been reversed, vacated, or stayed and as to which (a) the time to appeal, petition for certiorari, or move for a new trial, reargument, or rehearing has expired and as to which no appeal, petition for certiorari, or other proceedings for a new trial, reargument, or rehearing shall then be pending or (b) if an appeal, writ of certiorari, new trial, reargument, or rehearing thereof has been sought, such order or judgment shall have been affirmed by the highest court to which such order was appealed, or certiorari shall have been denied or a new trial, reargument, or rehearing shall have been denied or resulted in no modification of such order, and the time to take any further appeal, petition for certiorari, or move for a new trial, reargument, or rehearing shall have expired; provided, however, that the possibility that a motion under Rule 60 of the Federal Rules of Civil Procedure, or any analogous rule under the Bankruptcy Rules, may be filed relating to such order, shall not cause such order not to be a Final Order.

1.26   ***General Unsecured Claim*** means any Claim that arose or accrued prior to the Petition Date that is not an Administrative Expense, Priority Tax Claim, Priority Non-Tax Claim, Secured Claim, or any Claim arising from the rejection of an unexpired lease or executory contract pursuant to the Plan or other Final Order of the Bankruptcy Court.

1.27   ***General Unsecured Creditor*** means any entity that holds a General Unsecured Claim.

1.28   ***Insider*** has the meaning set forth in Section 101(2) of the Bankruptcy Code.

1.29   ***Lien*** has the meaning set forth in Section 101(37) of the Bankruptcy Code.

1.30   ***National Union*** means Nation Union Fire Insurance Company of Pittsburgh, Pa.

1.31   ***National Union Settlement Agreement*** means that certain Settlement Agreement by and between the Debtor and National Union dated as of the 9th day of August, 2013.

1.32   ***Person*** means an individual, partnership, corporation, limited liability company, cooperative, trust, unincorporated organization, association, joint venture, government or agency or political subdivision thereof, or any other form of legal entity.

1.33   ***Petition Date*** means September 23, 2014, the date on which the Debtor commenced its Reorganization Case.

1.34    *Pershing* means Pershing LLC.

1.35    *Plan* means this First Modified Plan of Reorganization, including, without limitation, the Plan Supplement, the exhibits and schedules hereto, as the same may be amended or modified from time to time in accordance with the provisions of the Bankruptcy Code and the terms hereof.

1.36    *Plan Supplement* means the supplement to the Plan, containing certain documents relevant to the implementation of this Plan, including, but not limited to the list of executory contracts and unexpired leases to be assumed pursuant to the Plan.  The Plan Supplement and the documents contained therein shall be in form, scope, and substance, satisfactory to the Debtor shall be filed with the Bankruptcy Court no later than ten (10) Business Days before the deadline for voting to accept or reject the Plan, provided that the documents included therein may thereafter be amended and supplemented prior to execution.

1.37    *Priority Non-Tax Claim* means any unsecured Claim entitled to priority in payment as specified in Section 507(a)(1), (3), (4), (5), (6), (7) or (9) of the Bankruptcy Code.

1.38    *Priority Tax Claim* means any unsecured Claim of a governmental unit of the kind entitled to priority in payment as specified in Sections 502(i) and 507(a)(8) of the Bankruptcy Code.

1.39    *Ratable Proportion* means, with reference to any distribution on account of any Allowed Claim in any class, a distribution equal in amount to the ratio (expressed as a percentage) that the amount of such Allowed Claim bears to the aggregate amount of Allowed Claims (plus Disputed Claims until disallowed) in the same class, as applicable.

1.40    *Releasee* means (i) each of (a) the officers and members of Debtor as of the Effective Date of the Plan or at any time subsequent to the Effective Date of the Plan, (b) all other Insiders of the Debtor, and (d) each of their respective Representatives and Affiliates.

1.41    *Reorganization Case* means the case commenced by the Debtor in the Bankruptcy Court on the Petition Date under chapter 11 of the Bankruptcy Code.

1.42    *Reorganized Debtor* means the Debtor on and after the Effective Date.

1.43    *Representatives* means, with respect to any particular Person or entity, such Person or entity's officers, directors, employees, members, partners, principals, managers, officers, directors, agents, employees, advisors (including any attorneys, financial advisors, investment bankers, and other professionals retained by such Persons or entities), and representatives.

1.44    *Schedules* means the schedules of assets and liabilities and the statements of financial affairs filed by the Debtor under Section 521 of the Bankruptcy Code,

Bankruptcy Rule 1007, and the Official Bankruptcy Forms, as such schedules and statements have been or may be supplemented or amended through the Confirmation Date pursuant to Bankruptcy Rule 1007.

**1.45** ***Secured Claim*** means any Claim that is secured pursuant to Bankruptcy Code § 506(a).

**1.46** ***Tax Code*** means the Internal Revenue Code of 1986, as amended.

**1.47** ***U.S. Trustee*** means the United States Trustee appointed under Section 581, title 28, United States Code to serve in the District of Connecticut.

**B.**          **Interpretation; Application of Definitions and Rules of Construction.**

Unless otherwise specified, all section, article, schedule or exhibit references in the Plan are to the respective section in, article of, or schedule or exhibit to, this Plan or the Plan Supplement, as the same may be amended, waived or modified from time to time. The words "herein," "hereof," "hereto," "hereunder," and other words of similar import refer to the Plan as a whole and not to any particular section, subsection, or clause contained in the Plan. A term used herein that is not defined herein shall have the meaning assigned to that term in the Bankruptcy Code. The rules of construction contained in section 102 of the Bankruptcy Code shall apply to the construction of the Plan. The headings in the Plan are for convenience of reference only and shall not limit or otherwise affect the provisions hereof.

## ARTICLE II
## PROVISIONS FOR PAYMENT OF
## <u>ADMINISTRATIVE EXPENSES AND PRIORITY TAX CLAIMS</u>

**2.1** ***Administrative Expenses.***

(a) Except to the extent that a holder of an Allowed Administrative Expense agrees to a less favorable treatment, and subject to Section 2.1(b) of the Plan concerning entities seeking awards under Bankruptcy Code Sections 503(b)(2) through (8) for compensation for services rendered or reimbursement of expenses incurred through and including the Effective Date, the Reorganized Debtor shall pay Cash in an amount equal to such Allowed Administrative Expense to each holder of an Allowed Administrative Expense on the later of the Effective Date or the date Allowed; provided, however, that Allowed Administrative Expenses representing liabilities incurred in the ordinary course of business by the Debtor in Possession or liabilities arising under loans or advances to or other obligations incurred by the Debtor in Possession, shall be assumed and paid by the Reorganized Debtor in the ordinary course of business, consistent with past practice and in accordance with the terms and subject to the conditions of any agreements governing, instruments evidencing, or other documents relating to such transactions.

ALL REQUESTS FOR PAYMENT OF ADMINISTRATIVE EXPENSES UNDER SECTIONS 503(B)(1), 507(A)(2), AND 507(B) OF THE BANKRUPTCY CODE MUST BE FILED ON OR BEFORE THIRTY (30)

DAYS AFTER THE EFFECTIVE DATE, OR SUCH ADMINISTRATIVE
EXPENSES SHALL BE DISALLOWED AND FOREVER BARRED AND
PRECLUDED.

(b) Pursuant to Section 2.1(b) of the Plan, all entities seeking awards by the
Bankruptcy Court for compensation for services rendered or reimbursement of
expenses incurred through and including the Effective Date under Sections
503(b)(2) through (8) of the Bankruptcy Code shall (i) file their respective
applications for final allowances of compensation for services rendered and
reimbursement of expenses incurred and (ii) shall be paid in full, in Cash, in such
amounts as are Allowed by the Bankruptcy Court (A) upon the later of (1) the
Effective Date and (2) the date on which the order Allowing such Administrative
Expense becomes a Final Order, or (B) upon such other terms as may be mutually
agreed upon by such holder and the Reorganized Debtor.

ALL APPLICATIONS FOR COMPENSATION FOR SERVICES RENDERED
AND/OR REIMBURSEMENT OF EXPENSES INCURRED THROUGH AND
INCLUDING THE EFFECTIVE DATE UNDER SECTIONS 503(B)(2)
THROUGH (8) OF THE BANKRUPTCY CODE MUST BE FILED ON OR
BEFORE THIRTY (30) DAYS AFTER THE EFFECTIVE DATE, OR SUCH
ADMINISTRATIVE EXPENSES SHALL BE DISALLOWED AND FOREVER
BARRED AND PRECLUDED.

(c) The Reorganized Debtor is authorized to pay compensation for professional
services rendered and reimbursement of expenses incurred after the Effective
Date in the ordinary course and without the need for Bankruptcy Court approval.

**2.2** *Priority Tax Claims.*

With respect to any Priority Tax Claims not paid pursuant to prior Bankruptcy
Court order, except to the extent that a holder of an Allowed Priority Tax Claim agrees to a less
favorable treatment, each holder of an Allowed Priority Tax Claim shall be paid in full, in Cash,
on the Effective Date, to the extent that it is due and payable on or before the Effective Date.  All
Allowed Priority Tax Claims which are not due and payable on or before the Effective Date will
be paid in the ordinary course of business as such obligations become due.

**ARTICLE III**
**CLASSIFICATION OF CLAIMS AND**
**EQUITY INTERESTS, IMPAIRMENT, AND VOTING**

The categories of Claims and Equity Interests listed below, other than Administrative
Expenses and Priority Tax Claims, are classified for all purposes, including voting, confirmation,
and distribution pursuant to the Plan, as follows:

| Class | Designation | Impairment | Entitled to Vote |
|-------|-------------|------------|------------------|
| N/A | Administrative Expenses | Unimpaired | No |

| N/A | Priority Tax Claims | Unimpaired | No |
|---|---|---|---|
| Class 1 | Priority Non-Tax Claims | Unimpaired | No |
| Class 2 | Secured Claim of National Union | Unimpaired | No |
| Class 3 | General Unsecured Claims | Unimpaired | No |
| Class 4 | Equity Interests | Unimpaired | No |

## ARTICLE IV
## PROVISIONS FOR TREATMENT OF CLAIMS AND EQUITY INTERESTS

All Claims and Equity Interests shall receive the treatment set forth below.

### 4.1   *Priority Non-Tax Claims (Class 1).*

With respect to any Allowed Priority Non-Tax Claims not paid pursuant to prior Bankruptcy Court order, except to the extent that a holder of an Allowed Priority Non-Tax Claim agrees to less favorable treatment, each Allowed Priority Non-Tax Claim shall be paid in full, plus interest accrued after the Petition Date at the legal rate, in Cash, on the Effective Date.  All Allowed Priority Non-Tax Claims which are not due and payable on or before the Effective Date shall be paid in the ordinary course of business in accordance with the terms thereof.  Such treatment shall be in complete satisfaction and discharge of the Debtor's obligations to the holders of Priority Non-Tax Claims.

### 4.2   *Secured Claim of National Union (Class 2)*

National Union shall be allowed a Secured Claim in the amount of $317,088.39 pursuant to the National Union Settlement Agreement.  To the extent that National Union filed a proof of claim in an amount greater than such amount, such proof of claim is disallowed.  On or about the Effective Date, National Union shall receive a cash distribution in the amount of its Secured Claim, which shall be in complete satisfaction and discharge of the Debtor's obligations with respect to all amounts due and payable under the National Union Settlement Agreement as of the Effective Date.  National Union shall also retain its rights under the National Union Settlement Agreement with respect to any future recoveries on account of the Apple Trades Causes of Action subsequent to the Effective Date.

### 4.3   *General Unsecured Claims (Class 3)*

General Unsecured Creditors shall receive 100 percent of their Allowed General Unsecured Claims, plus interest accrued after the Petition Date at the legal rate, paid in full in Cash on the Effective Date.  Such treatment shall be in complete satisfaction and discharge of the Debtor's obligations to the General Unsecured Creditors.

**4.4**    *Equity Interests (Class 4)*

On the Effective Date, the holders of Equity Interests shall retain their interests in the Debtor and such interests shall continue in the Reorganized Debtor.

## ARTICLE V
## MEANS OF IMPLEMENTATION

**5.1**    *Means of Implementation*.

The Plan will be implemented through the use of funds in the possession of the Debtor, including the Award Payment received from Pershing.

**5.2**    *Incurrence of New Indebtedness.*

Effective on the Effective Date, the Reorganized Debtor is authorized to incur new indebtedness and obligations, if any, without the need for any further corporate action and without any further action by holders of Claims or Equity Interests.

**5.3**    *Individuals Proposed to Serve, After Confirmation of the Plan, as Officers and Their Compensation*

Crowley shall continue in his capacity as a Manager, the President and the Chief Executive Officer of the Reorganized Debtor.  Carl Acebes shall continue in his capacity as a Manager of the Reorganized Debtor.  Since the Petition Date, Crowley has received compensation for his service to the Debtor in the amount of $125,000 per annum and reimbursement for healthcare expenses.  Crowley's compensation arrangement with the Debtor expires on the Effective Date.  His responsibilities to the Reorganized Debtor are not yet defined and the Reorganized Debtor may choose to compensate Crowley.  Such compensation will be decided by the Reorganized Debtor's other Manager taking into account the Reorganized Debtor's future revenue, profitability and other financial circumstances, as well as the nature of Crowley's services.  In any event, Crowley's compensation by the Reorganized Debtor will not impact the treatment of Allowed Administrative Expenses and Claims, all of which will be fully paid in accordance with the Plan as of the Effective Date or upon their allowance.

**5.4**    *Exemption from Transfer Taxes.*

Pursuant to Section 1146(a) of the Bankruptcy Code, the issuance, transfer, or exchange of notes or equity securities under or in connection with the Plan, the creation of any mortgage, deed of trust, or other security interest, the making or assignment of any lease or sublease, or the making or delivery of any deed or other instrument of transfer under, in furtherance of, or in connection with the Plan, including, without limitation, any merger agreements, or agreements of consolidation, deeds, bills of sale, or assignments executed in connection with any of the transactions contemplated under the Plan shall not be subject to any stamp, real estate transfer, mortgage recording, or other similar tax.

**5.5**     *Expedited Tax Determination.*

The Debtor and the Reorganized Debtor are authorized to request an expedited determination of taxes under Section 505(b) of the Bankruptcy Code for any or all returns filed for, or on behalf of, the Debtor for any and all taxable periods (or portions thereof) ending after the Petition Date through, and including, the Effective Date.

## ARTICLE VI
## PROVISIONS GOVERNING DISTRIBUTIONS

**6.1**     *Date of Distributions.*

Unless otherwise provided herein, any distributions and deliveries to be made hereunder on the Effective Date shall be made on the Effective Date or as soon as practicable thereafter and deemed made on the Effective Date.  In the event that any payment or act under the Plan is required to be made or performed on a date that is not a Business Day, then the making of such payment or the performance of such act may be completed on the next succeeding Business Day, but shall be deemed to have been completed as of the required date.

**6.2**     *Disbursing Agent.*

All distributions under the Plan shall be made by the Reorganized Debtor as disbursing agent (the "Disbursing Agent").  The Disbursing Agent shall not be required to give any bond or surety or other security for the performance of its duties unless otherwise ordered by the Bankruptcy Court; and, in the event that a Disbursing Agent is so otherwise ordered, all costs and expenses of procuring any such bond or surety shall be borne by the Reorganized Debtor.

**6.3**     *Rights and Powers of Disbursing Agent.*

a)  Powers of the Disbursing Agent.  The Disbursing Agent shall be empowered to: (i) effect all actions and execute all agreements, instruments and other documents necessary to perform its duties under the Plan, (ii) make all distributions contemplated hereby, (iii) employ professionals to represent it with respect to its responsibilities, and (iv) exercise such other powers as may be vested in the Disbursing Agent by order of the Bankruptcy Court, pursuant to the Plan, or as deemed by the Disbursing Agent to be necessary and proper to implement the provisions hereof.

b)  Expenses Incurred on or After the Effective Date.  Except as otherwise ordered by the Bankruptcy Court, the amount of any reasonable fees and expenses incurred by the Disbursing Agent on or after the Effective Date (including, without limitation, taxes) and any reasonable compensation and expense reimbursement claims (including, without limitation, reasonable attorney fees and expenses) made by the Disbursing Agent shall be paid in Cash by the Reorganized Debtor.

### 6.4     Distribution Record Date.

The Disbursing Agent will have no obligation to recognize the transfer of, or the sale of any participation in, any Allowed Claim that occurs after the close of business on the Distribution Record Date and will be entitled for all purposes herein to recognize and make distributions only to those holders of Allowed Claims that are holders of such Claims, or participants therein, as of the close of business on the Distribution Record Date. The Disbursing Agent will have no obligation to recognize the transfer or sale of any Allowed Claim that occurs after the close of business on the Distribution Record Date.

### 6.5     Delivery of Distributions.

Subject to Bankruptcy Rule 9010, all distributions to any holder of an Allowed Claim or Allowed Administrative Expense will be made at the address of such holder as set forth on the Schedules filed with the Bankruptcy Court or on the books and records of the Debtor or its agents, as applicable, unless the Debtor or Reorganized Debtor has been notified in writing of a change of address, including, without limitation, by the filing of a proof of Claim or interest by such holder that contains an address for such holder different from the address reflected for such holder on the Schedules. In the event that any distribution to any holder is returned as undeliverable, the Disbursing Agent will use commercially reasonable efforts to determine the current address of such holder, but no distribution to such holder will be made unless and until the Disbursing Agent has determined the then current address of such holder, at which time such distribution will be made to such holder without interest; provided that such distributions will be deemed unclaimed property under Section 347(b) of the Bankruptcy Code at the expiration of one year from the Effective Date. After such date, all unclaimed property or interest in property will revert to the Reorganized Debtor, and the claim of any other holder to such property or interest in property will be discharged and forever barred.

### 6.6     Manner of Payment.

At the option of the Disbursing Agent, any Cash payment to be made hereunder may be made by a check or wire transfer or as otherwise required or provided in applicable agreements.

### 6.7     Setoffs and Recoupment.

The Debtor may, but shall not be required to, set off against, or recoup from, any Claim and the payments to be made pursuant to the Plan in respect of such Claim, any claims of any nature whatsoever that the Debtor may have against the claimant, but neither the failure to do so nor the allowance of any Claim hereunder shall constitute a waiver or release by the Debtor or Reorganized Debtor of any such claim it may have against such claimant.

# ARTICLE VII
# PROCEDURES FOR TREATING DISPUTED
# CLAIMS UNDER PLAN OF REORGANIZATION

### 7.1    Objections.

Except as otherwise provided herein, as of the Effective Date, objections to, and requests for estimation of, Claims and Administrative Expenses may be interposed and prosecuted only by the Reorganized Debtor.

### 7.2    No Distributions Pending Allowance.

Notwithstanding any other provision hereof, if any portion of a Claim or Administrative Expense is Disputed, no payment or distribution provided hereunder shall be made on account of such Claim or Administrative Expense unless and until such Disputed Claim or Disputed Administrative Expense becomes Allowed.

### 7.3    Distributions After Allowance.

To the extent that a Disputed Claim or Disputed Administrative Expense ultimately becomes an Allowed Claim or Allowed Administrative Expense, distributions (if any) shall be made to the holder of such Allowed Claim or Allowed Administrative Expense in accordance with the provisions of the Plan.  As soon as practicable after the date that the order or judgment of the Bankruptcy Court allowing any Disputed Claim or Disputed Administrative Expense becomes a Final Order, the Disbursing Agent shall provide to the holder of such Claim or Administrative Expense the distribution (if any) to which such holder is entitled to receive under the Plan.

# ARTICLE VIII
# EXECUTORY CONTRACTS AND UNEXPIRED LEASES

### 8.1    Treatment.

As of the Effective Date, the Debtor shall assume such executory contracts and leases as are identified in the Plan Supplement filed in accordance with the Plan.  The Confirmation Order shall so provide for such assumption.

Except as otherwise provided in the Confirmation Order or in any contract, instrument, release, indenture, or other agreement, or document entered into in connection with the Plan, as of the Effective Date the Debtor shall be deemed to have rejected each executory contract and unexpired lease to which it is a party, unless such contract or lease (a) was previously assumed or rejected by the Debtor, (b) previously expired or terminated pursuant to its own terms, (c) is the subject of a motion to assume filed on or before the Confirmation Date, or (d) is set forth in the Plan Supplement, as an executory contract or unexpired lease to be assumed.  The Confirmation Order shall constitute an order of the Bankruptcy Court under section 365 and 1123(b) of the Bankruptcy Code approving the contract and lease assumptions or rejections described above, as of the Effective Date.

Each executory contract and unexpired lease that is assumed and relates to the use, ability to acquire, or occupancy of real property shall include (a) all modifications, amendments, supplements, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affect such executory contract or unexpired lease and (b) all executory contracts or unexpired leases appurtenant to the premises, including all easements, licenses, permits, rights, privileges, immunities, options, rights of first refusal, powers, uses, usufructs, reciprocal easement agreements, vaults, tunnel or bridge agreements or franchises, and any other interests in real estate or rights *in rem* related to such premises, unless any of the foregoing agreements has been rejected pursuant to an order of the Bankruptcy Court.

### 8.2      *Cure Payments*.

The Bankruptcy Code authorizes a debtor to make any payments necessary to cure outstanding defaults under such executory contracts or unexpired leases in connection with their assumption.  With respect to any executory contract or unexpired leases assumed as of the Effective Date, the Debtor will make such necessary cure payments.  Any monetary amounts by which any executory contract or unexpired lease to be assumed hereunder is in default shall be satisfied, under Section 365(b)(1) of the Bankruptcy Code, by the Debtor.  If there is a dispute regarding (i) the nature or amount of any Cure, (ii) the ability of the Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of Section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, Cure will occur following the entry of a Final Order resolving the dispute and approving the assumption or assumption and assignment, as the case may be.

### 8.3      *Rejection Damages Claims*.

Proofs of all Claims arising out of the rejection of executory contracts and unexpired leases pursuant to the Plan must be filed with the Bankruptcy Court, with proper supporting documentation detailing the calculation of such claim, and served upon the Debtor and its counsel not later than thirty (30) days after the earlier of (a) the date on which notice of the occurrence of the Effective Date has been served and (b) the date of entry of an order of the Bankruptcy Court approving such rejection.  Any Claims not filed within such time shall be forever barred from assertion against the Debtor, its Estate, the Reorganized Debtor, and their respective properties and interests.

## ARTICLE IX
## CONDITIONS PRECEDENT TO CONSUMMATION DATE

### 9.1      *Conditions Precedent to Confirmation*.

The Plan shall not be confirmed unless and until the following conditions have been satisfied or waived in accordance with Article IX of this Plan:

a)  The Plan, all exhibits thereto, and the Confirmation Order are acceptable in form and substance to the Debtor;

b)   The Confirmation Order, in form and substance satisfactory to the Debtor, has been entered on the docket maintained by the Clerk of the Bankruptcy Court; and

c) The Debtor has reached an agreement with the holders of administrative claims described in Section 2.1 of the Plan.

**9.2    *Conditions Precedent to Effectiveness.***

The Effective Date shall not occur and the Plan shall not become effective unless and until the following conditions are satisfied in full or waived in accordance with Article IX of this Plan:

a) All actions and all agreements, instruments, or other documents necessary to implement the terms and provisions of the Plan, including those actions identified in Article V of the Plan, are effected or executed and delivered, as applicable, in form and substance satisfactory to the Debtor; and

b) The Debtor posses the ability to use the Award Payment to fund all of the disbursements required in the Plan and in accordance with the Bankruptcy Code.

**9.3    *Waiver of Conditions*.**

Each of the conditions precedent in Sections 9.1 and 9.2(a) hereof may be waived, in whole or in part, by the Debtor. Any such waivers may be effectuated at any time, without notice, without leave or order of the Bankruptcy Court, and without any formal action; provided, however, that notwithstanding the foregoing the Effective Date shall not be later than September 9, 2016.

**9.4    *Satisfaction of Conditions*.**

Any actions required to be taken on the Effective Date will take place and will be deemed to have occurred simultaneously, and no such action will be deemed to have occurred prior to the taking of any other such action. If the Debtor determines that one of the conditions precedent set forth in Section 9.2 hereof cannot be satisfied and the occurrence of such condition is not waived or cannot be waived, then the Debtor will file a notice of the failure of the Effective Date with the Bankruptcy Court and the Confirmation Order may be vacated by the Bankruptcy Court. If the Confirmation Order is vacated pursuant to this Section, the Plan will be null and void in all respects, and nothing contained in the Plan will constitute a waiver or release of any Claims against the Debtor or the allowance of any Administrative Expense or Claim as an Allowed Claim.

**9.5    *Effect of Nonoccurrence of Conditions.***

If each of the conditions to consummation and the occurrence of the Effective Date has not been satisfied or duly waived on or before ninety (90) days from the Confirmation Date, the Confirmation Order may be vacated by the Bankruptcy Court. If the Confirmation Order is so vacated, the Plan shall be null and void in all respects, and nothing contained in the Plan shall constitute a waiver or release of any Claims against the Debtor or the Allowance of any Administrative Expense or Claim.

## ARTICLE X
## EFFECT OF CONFIRMATION

### 10.1    Revesting of Assets.

On the Effective Date and except to the extent the Bankruptcy Court retains jurisdiction pursuant to the terms of the Plan, the Debtor, its properties and interests in property, and its operations shall be released from the custody and jurisdiction of the Bankruptcy Court, and all property of the Estate of the Debtor, including any pre-paid expenses and deposits with vendors, shall vest in the Reorganized Debtor.  From and after the Effective Date, the Reorganized Debtor may operate its business and may use, acquire and dispose of property free of any restrictions of the Bankruptcy Code or the Bankruptcy Rules, subject to the terms and conditions of the Plan.

### 10.2    Binding Effect.

Subject to the occurrence of the Effective Date, on and after the Confirmation Date, the provisions of the Plan shall bind any holder of a Claim against, or Equity Interest in, the Debtor and such holder's respective successors and assigns, whether or not the Claim or Equity Interest of such holder is impaired under the Plan, whether or not such holder has accepted the Plan, and whether or not such holder is entitled to a distribution under the Plan.

### 10.3    Discharge of Debtor.

Except to the extent otherwise provided in the Plan or in the Confirmation Order, the rights afforded in the Plan and the treatment of all Claims against or Equity Interests in the Debtor hereunder shall be in exchange for and in complete satisfaction, discharge, and release of all debts of, Claims against, and Equity Interests in, the Debtor of any nature whatsoever, known or unknown, including, without limitation, any interest accrued or expenses incurred thereon from and after the Petition Date, or against its Estate, the Reorganized Debtor, or its properties or interests in property.  Except as otherwise provided in the Plan or in the Confirmation Order, upon the Effective Date, all Claims against and Equity Interests in the Debtor shall be satisfied, discharged and released in full exchange for the consideration, if any, provided in the Plan. Except as otherwise provided in the Plan or in the Confirmation Order, all entities shall be precluded from asserting against the Debtor or the Reorganized Debtor or their respective properties or interests in property, any other Claims based upon any act or omission, transaction, or other activity of any kind or nature that occurred prior to the Effective Date. Notwithstanding the foregoing, in the event that subsequent to the Effective Date an order for relief is entered with respect to the Reorganized Debtor under either Chapter 7 or Chapter 11 of the Bankruptcy Code, each of the Reorganized Debtor's creditors in such bankruptcy case shall have an allowed claim in the full amount owed to such creditor as of the Debtor's Petition Date less any amount actually paid on account of such claim by the Debtor or the Reorganized Debtor pursuant to the Plan.

### 10.4    Term of Injunctions or Stays.

(a)    Except as otherwise expressly provided in the Plan or in the Confirmation Order, all Persons or entities who have held, hold or may hold Claims or Equity

Interests shall be permanently enjoined, from and after the Effective Date, from (i) commencing or continuing in any manner any action or other proceeding of any kind on any such Claim or Equity Interest against the Debtor or Reorganized Debtor, (ii) the enforcement, attachment, collection, or recovery by any manner or means of any judgment, award, decree, or order against any Debtor or Reorganized Debtor with respect to such Claim or Equity Interest, (iii) creating, perfecting, or enforcing any encumbrance of any kind against any Debtor or Reorganized Debtor or against the property or interests in property of any Debtor or Reorganized Debtor with respect to such Claim or Equity Interest, (iv) asserting any right of setoff (except to the extent permitted by Bankruptcy Code § 553), subrogation, or recoupment of any kind against any obligation due to any Debtor or Reorganized Debtor or against the property or interests in property of any Debtor or Reorganized Debtor, with respect to such Claim or Equity Interest, and (v) pursuing any Claim released pursuant to the Plan.

**(b)**      Unless otherwise provided in the Confirmation Order, all injunctions or stays arising under or entered during the Reorganization Case under sections 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the Effective Date.

### 10.5   *Exculpation.*

In consideration for (i) the services provided during the Debtor's bankruptcy case, (ii) the services committed to be provided for the Reorganized Debtor, (iii) the contributions to be made by the holders of Equity Interests on the Effective Date, and (iv) the claims waived on the Effective Date by the Insiders and holders of Equity Interests:

AS OF THE CONFIRMATION DATE, THE DEBTOR AND ITS OFFICERS, EMPLOYEES AND PROFESSIONALS INCLUDING ATTORNEYS SHALL BE DEEMED TO HAVE SOLICITED ACCEPTANCES OF THE PLAN OF REORGANIZATION IN GOOD FAITH AND IN COMPLIANCE WITH THE APPLICABLE PROVISIONS OF THE BANKRUPTCY CODE AND THE BANKRUPTCY RULES.  THE DEBTOR, THE REORGANIZED DEBTOR AND THE DISBURSING AGENT, AND EACH OF THEIR RESPECTIVE OFFICERS, EMPLOYEES AND PROFESSIONALS INCLUDING ATTORNEYS SHALL HAVE NO LIABILITY TO ANY HOLDER OF ANY CLAIM OR EQUITY INTEREST OR ANY OTHER PERSON FOR ANY ACT OR OMISSION TAKEN IN GOOD FAITH AT ANY TIME THROUGH AND INCLUDING THE EFFECTIVE DATE IN CONNECTION WITH, OR ARISING OUT OF, THE REORGANIZATION CASE, THE DISCLOSURE STATEMENT, THE PLAN, THE SOLICITATION OF VOTES FOR AND THE PURSUIT OF CONFIRMATION OF THE PLAN, THE OFFER AND ISSUANCE OF ANY SECURITIES UNDER THE PLAN, THE CONSUMMATION OF THE PLAN, OR THE ADMINISTRATION OF THE PLAN OR THE PROPERTY TO BE DISTRIBUTED UNDER THE PLAN, EXCEPT FOR WILLFUL MISCONDUCT OR GROSS NEGLIGENCE AS DETERMINED BY A FINAL ORDER AND, IN ALL RESPECTS, SHALL BE ENTITLED TO RELY UPON THE ADVICE OF COUNSEL WITH RESPECT TO THEIR DUTIES AND RESPONSIBILITIES UNDER THE PLAN.

10.6   *Limited Exceptions.*

Notwithstanding any other provision of the Plan and Confirmation Order, the Plan and Confirmation Order do not release:

(i)    Pursuant 18 U.S.C. § 3613(e) and (f), a criminal fine or criminal restitution imposed pursuant to 18 U.S.C. § 3613 or a lien filed as prescribed by 18 U.S.C. § 3613;

(ii)    Any debt rendered not dischargeable pursuant to 11 U.S.C. § 1141(d)(6);

(iii)    Any debt owed to any governmental unit of the United States of America or State of Connecticut by any Person other than the Debtor. Upon the Reorganized Debtor's failure to make any payment due on a tax claim that is not cured within 30 days of the mailing of a written notice of default, the Connecticut Department of Revenue Services may exercise all rights and remedies available under non-bankruptcy law for the collection of its entire claim.

## ARTICLE XI
## RETENTION OF JURISDICTION

### 11.1   Bankruptcy Court Jurisdiction

The Bankruptcy Court will have exclusive jurisdiction of all matters, arising out of, or related to, the Reorganization Case and the Plan pursuant to, and for the purposes of, Sections 105(a) and 1142 of the Bankruptcy Code and for, among other things, the following purposes:

(a) To hear and determine pending applications for the assumption or rejection of executory contracts or unexpired leases and the allowance of Claims and Administrative Expenses resulting therefrom;

(b) To determine any and all adversary proceedings, applications, and contested matters that are pending on the Effective Date;

(c) To hear and determine any timely objections to, or requests for estimation of, Administrative Expenses or proofs of claims, including, without limitation, any objections to the classification of any Administrative Expense, Claim or Equity Interest, and to allow or disallow any Disputed Administrative Expense or Disputed Claim, in whole or in part;

(d) To resolve disputes as to the ownership of any Administrative Expense, Claim, or Equity Interest;

(e) To enter and implement such orders as may be appropriate in the event the Confirmation Order is for any reason stayed, revoked, modified or vacated;

**(f)** To issue such orders in aid of execution of the Plan, to the extent authorized by Section 1142 of the Bankruptcy Code;

**(g)** To consider any amendments to or modifications of the Plan, or to cure any defect or omission, or reconcile any inconsistency, in any order of the Bankruptcy Court, including, without limitation, the Confirmation Order;

**(h)** To hear and determine all applications of retained professionals under Sections 330, 331, and 503(b) of the Bankruptcy Code for awards of compensation for services rendered and reimbursement of expenses incurred prior to the Effective Date;

**(i)** To hear and determine disputes or issues arising in connection with the interpretation, implementation or enforcement of the Plan, the Confirmation Order, any transactions or payments contemplated by the Plan, any agreement, instrument, or other document governing or relating to any of the foregoing, or any settlement approved by the Bankruptcy Court;

**(j)** To hear and determine matters concerning state, local and federal taxes in accordance with Sections 346, 505, and 1146 of the Bankruptcy Code (including, without limitation, any request by the Debtor prior to the Effective Date, or request by the Reorganized Debtor after the Effective Date, for an expedited determination of tax under Section 505(b) of the Bankruptcy Code);

**(k)** To hear any other matter not inconsistent with the Bankruptcy Code;

**(l)** To hear and determine all disputes involving the existence, scope and nature of the discharges, releases and injunctions granted under the Plan, the Confirmation Order, or the Bankruptcy Code;

**(m)** To issue injunctions and effect any other actions that may be necessary or desirable to restrain interference by any entity with the consummation or implementation of the Plan; and

**(n)** To enter a final decree closing the Reorganization Case.

**ARTICLE XII**
**<u>MISCELLANEOUS PROVISIONS</u>**

**12.1**    ***Payment of Statutory Fees.***

In accordance with §1129(a)(12) of the Bankruptcy Code and 28 U.S.C. §1930, all quarterly fees payable to the United States Trustee shall be paid by the Debtor in full on or before their respective due dates and shall continue to be assessed and paid until such time as a final decree is entered by the Court or the Court enters an order converting or dismissing this case.  The debtor shall also timely file monthly operating reports every month until such time as a final decree is entered by the Court or the Court enters an order converting or dismissing this case.

### 12.2    Modification of Plan.

The Plan may be modified by the Debtor in accordance with Section 1127 of the Bankruptcy Code.

### 12.3    Revocation of Plan.

The Debtor reserves the right, at any time prior to the entry of the Confirmation Order, to revoke and withdraw the Plan.

### 12.4    Severability of Plan Provisions.

In the event that, prior to the Confirmation Date, any term or provision of the Plan is held by the Bankruptcy Court to be invalid, void, or unenforceable, the Bankruptcy Court shall have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void, or unenforceable, and such term or provision shall then be applicable as altered or interpreted.  Notwithstanding any such holding, alteration, or interpretation, the remainder of the terms and provisions of the Plan shall remain in full force and effect and shall in no way be affected, impaired, or invalidated by such holding, alteration, or interpretation.  The Confirmation Order shall constitute a judicial determination and shall provide that each term and provision of the Plan, as it may have been altered or interpreted in accordance with the foregoing, is valid and enforceable in accordance with its terms.

### 12.5    Governing Law.

Except to the extent that the Bankruptcy Code or other federal law is applicable (including, but not limited to, the provisions of Title IV of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1301-1461), or to the extent an exhibit to the Plan or Plan Supplement provides otherwise (in which case the governing law specified therein shall be applicable to such exhibit), the rights, duties, and obligations arising under the Plan shall be governed by, and construed and enforced in accordance with, the laws of the State of Connecticut without giving effect to the principles of conflict of laws.

### 12.6    Compliance with Tax Requirements.

In connection with the consummation of the Plan, any party issuing any instrument or making any distribution under the Plan, including any party described in Section 6.2 above, shall comply with all applicable withholding and reporting requirements imposed by any federal, state, or local taxing authority, and all distributions under the Plan shall be subject to any such withholding or reporting requirements.  Notwithstanding the above, each holder of an Allowed Claim that is to receive a distribution under the Plan shall have the sole and exclusive responsibility for the satisfaction and payment of any tax obligations imposed by any governmental unit, including income, withholding, and other tax obligations, on account of such distribution.  Any party issuing any instrument or making any distribution under the Plan has the right, but not the obligation, to not make a distribution until such holder has made arrangements satisfactory to such issuing or disbursing party for payment of any such tax obligations.

### 12.7    Notices.

All notices, requests, and demands to or upon the Debtor to be effective shall be in writing (including by facsimile transmission) and, unless otherwise expressly provided herein, shall be deemed to have been duly given or made when actually delivered or, in the case of notice by facsimile transmission, when received and telephonically confirmed, addressed as follows:

> Rochdale Securities, LLC
> Attn:  Daniel Crowley
> Title: President
> 467 North Wilton Road
> New Canaan, CT 06840
> Telephone:  (917) 686-7249
> Email: djc@rochdalesecurities.com
>
>       - and –
>
> Zeisler & Zeisler P.C.
> 10 Middle Street 15th Floor
> Bridgeport, CT 06602
> Attn: Stephen M. Kindseth or Aaron A. Romney
> Telephone:  (203) 368-4234
> Telecopier:  (203) 367-9678
> Email: skindseth@zeislaw.com or aromney@zeislaw.com

### 12.8    Filing or Execution of Additional Documents.

On or before the Effective Date, and without the need for any further order or authority, the Debtor or Reorganized Debtor shall file with the Bankruptcy Court or execute, as appropriate, such agreements and other documents that are in form and substance satisfactory to them as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan.

Dated: July 8, 2016

Respectfully submitted,

ROCHDALE SECURITIES, LLC

By: *Daniel J. Crowley*
    Name:  Daniel J. Crowley
    Title:  President